UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY TRANCHITA, individually and on behalf persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| APOLLO GROUP, INC., an Arizona corporation, and UNIVERSITY OF PHOENIX, INC., an Arizona corporation, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, ANTHONY TRANCHITA, on behalf of himself individually and others similarly situated, hereby alleges the following causes of action:

1. Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* on behalf of himself and on behalf of other, similarly situated, current and former employees of Defendant, APOLLO GROUP, INC., and its divisions, however constituted, including but not limited to the divisions of UNIVERSITY OF PHOENIX, INC. (APOLLO GROUP, INC., and all such divisions, including but not limited to UNIVERSITY OF PHOENIX, INC., are to be referred to herein collectively as "University of Phoenix").

## Jurisdiction and Venue

2.  Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were each an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s). The annual gross sales volume of each Defendant was in excess of $500,000.00 per annum.

3.  Venue is proper in this District because, *inter alia*, Defendant does business within this District. The Court has jurisdiction over the Defendants, and in regard to each Plaintiff joining this lawsuit. Additionally, at times material hereto, Plaintiff, ANTHONY TRANCHITA, performed a substantial part of his work duties in DuPage County, Illinois within the jurisdiction of this Court.

## Parties

4.  Plaintiff, ANTHONY TRANCHITA was an employee of Defendant, APOLLO GROUP, INC., a foreign corporation, in a division also known as Defendant, UNIVERSITY OF PHOENIX, INC., an Arizona corporation; and UNIVERSITY OF PHOENIX, INC., was also an employer of this Plaintiff, all as further alleged in Paragraph No. 8 herein. Mr. Tranchita's executed opt-in consent form to become a party plaintiff in this lawsuit is attached hereto as Exhibit A.

5. Defendant, APOLLO GROUP, INC., is an Arizona corporation, and is among the nation's leading providers of secondary and post-secondary education, offering courses, and various certificate and degree programs, on campus and online. It serves customers throughout the United States under various trade names and through various divisions, however constituted. APOLLO GROUP, INC.'s educational operations include courses, and various certificate and degree programs offered under such brand names, trade names or fictitious names as University of Phoenix, College for Financial Planning, Insight Schools, Inc., Institute for Professional Development, and Western International University, among other names. Defendant organizes its divisions, in whole or in part, around these brand, trade or fictitious names and around the sale and delivery of graduate, undergraduate, business to business, and continuing education programs.

6. Defendant, UNIVERSITY OF PHOENIX, INC., an Arizona corporation, comprises or operates one or more divisions of, and purports to be a wholly owned subsidiary of, APOLLO GROUP, INC. Defendant, UNIVERSITY OF PHOENIX, INC., does business under such brand names, trade names or fictitious names as University of Phoenix. Like its co-defendant, this Defendant organizes its divisions, in whole or in part, around these brand, trade or fictitious names and around the sale and delivery of graduate, undergraduate, business to business, and continuing education programs.

## Factual Background

7.  Plaintiff worked as a non-exempt admissions counselor, performing some or all duties of contacting prospective students on behalf of University of Phoenix; communicating with those prospective students relating to opportunities offered by University of Phoenix; and following up with the goal of enabling prospective students to enroll in University of Phoenix's courses or programs, all for and in furtherance of the business of University of Phoenix, as further alleged in Paragraph No. 8 herein.

8.  Defendant, APOLLO GROUP, INC., in conjunction with its respective divisions for the location(s) at issue, however such divisions are constituted, including but not limited to UNIVERSITY OF PHOENIX, INC., directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt workers at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated. Alternately, Defendant, APOLLO GROUP, INC., and each of its respective divisions, however constituted, including but not limited to UNIVERSITY OF PHOENIX, INC., are joint employers of Plaintiff and other similarly situated non-exempt workers in their respective divisions or territories because each, respective division acts directly or indirectly in the interest of APOLLO GROUP, INC., in relation to such Plaintiff and such similarly situated persons. As a further alternative, Defendant, APOLLO GROUP, INC., and each of its

divisions, however constituted and as applicable to the location(s) at issue, including but not limited to UNIVERSITY OF PHOENIX, INC., are joint employers of the Plaintiff and similarly situated non-exempt workers in their respective divisions or territories because the divisions of APOLLO GROUP, INC., are controlled by or under the common control of APOLLO GROUP, INC., as to the terms of compensation and employment of Plaintiff and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated. As a final alternative, Defendant, APOLLO GROUP, INC, and Defendant, UNIVERSITY OF PHOENIX, INC., each directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt workers at or based out of its locations at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

## Collective Action Allegations

9.  This collective action includes all employees similarly situated to Plaintiff, including all non-exempt workers performing some or all duties of admissions counselor, however variously titled, at or based out of any location or facility of every division of APOLLO GROUP, INC., however constituted, throughout the United States, including but not limited to the division(s) constituted under UNIVERSITY OF PHOENIX, INC., who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more

workweeks on or after August 10, 2006, and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks (the "asserted class").

10. The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiff's or similarly situated person's joinder or opting into this action.

11. The activities of Plaintiff and others similarly situated in the course of employment with APOLLO GROUP, INC., and its respective divisions, however, constituted, including but not limited to the division(s) constituted under UNIVERSITY OF PHOENIX, INC., were directed primarily toward some or all of the duties of admissions counselor and related work, including but not limited to the duties of contacting prospective students on behalf of University of Phoenix; communicating with those prospective students relating to opportunities offered by University of Phoenix; and following up with the goal of enabling prospective students to enroll in University of Phoenix's courses or programs.

12. At all times material hereto, Plaintiff and all the similarly situated current and former employees were performing their duties for the benefit of and on behalf of Defendant, APOLLO GROUP, INC., and its divisions, however constituted, including but not limited to the division(s) constituted under UNIVERSITY OF PHOENIX, INC.

13. Plaintiffs and the other similarly situated employees regularly worked overtime hours, including but not limited to being subject to a practice or policy of each of the Defendants of deducting time from hours worked, including but not limited to meal breaks or other breaks that were not in fact bona fide meal breaks, and failing to credit all overtime hours worked.

14. At all times material to this Complaint, Defendant, APOLLO GROUP, INC., and its divisions, however constituted, including but not limited to the division(s) constituted under UNIVERSITY OF PHOENIX, INC., failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for University of Phoenix for which no provision was made to pay Plaintiff and similarly situated persons properly for all overtime hours – that is, all of the hours worked in excess of forty (40) -- within a workweek, including but not limited to failing to pay overtime for meal break times for which time was deducted, even though the breaks were not bona fide, as well as failing to credit all overtime hours worked.

15. Plaintiffs and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

16. In the course of employment with University of Phoenix, the Plaintiff and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

17. There are estimated to be several thousand current and former employees within the asserted class for this collective action during the material time are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

18. The records, if any, should be in the custody or control of University of Phoenix concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

## Damages, Liquidated Damages, and Other Relief

19. Plaintiff has retained the Shavitz Law Group, P.A. to represent them, and Plaintiff has incurred, and will continue to incur, attorney's fees and costs accordingly, which are a proper part of the relief sought in this action.

20. Plaintiff and those similarly situated seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the FLSA.

## COUNT I -- RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff readopts and realleges here all allegations contained in Paragraphs 1 through 20 above.

22. Plaintiff is entitled to be paid his overtime rate of pay for each hour worked in excess of forty (40) hours per work week.

23. All similarly situated employees are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

24. University of Phoenix's actions were intentional, willful and unlawful.

25. By reason of the said intentional, willful and unlawful acts of University of Phoenix, all plaintiffs (Plaintiff and those similarly situated to him) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorney's fees in bringing this action.

26. As a result of University of Phoenix's willful violation of the FLSA, all plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to his who have or will opt into this action, demand judgment against Defendant, APOLLO GROUP, INC., and judgment for their for respective shares of such liability against the divisions of APOLLO GROUP, INC. joined to this action, including but not limited to UNIVERSITY OF PHOENIX, INC.,

for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiff and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorney's fees, costs of suit, prejudgment interest, and all other available relief.

Dated: August 10th, 2009

Respectfully submitted,

/s/ Thomas M. Ryan
Thomas M. Ryan, Esq.
Illinois Bar No. 6273422
Email: tom@tomryanlaw.com
Law Offices of Thomas M. Ryan, P.C.
35 E. Wacker Drive, Suite 650
Chicago, IL 60601
Telephone: 312-726-3400
Fax: 312-782-4519
Attorneys for Plaintiffs

-AND-

Gregg I. Shavitz*
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
* Motion for admission Pro Hac Vice to be separately filed